IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


HENRY DAWSON,

          Petitioner,

v.                                        Civil Action No. 5:13CV155
                                                         (STAMP)
TERRY O'BRIEN,

          Respondent.


**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Background

     On November 7, 2013, the pro se[1] petitioner, Henry Dawson

("Dawson"), initiated this 28 U.S.C. § 2241 habeas corpus action.

In his petition for habeas corpus, Dawson argues that the Federal

Bureau of Prisons ("BOP") has incorrectly determined that he is

ineligible for a sentence reduction via early release because of

his prior convictions pursuant to 18 U.S.C. § 3621(e).  The action

was referred to United States Magistrate Judge James E. Seibert for

initial review and report and recommendation pursuant to Local Rule

of Prisoner Litigation Procedure 2.

     On September 7, 2011, the petitioner was convicted and

sentenced to a term of 57 months in the United States District

Court for the Northern District of Ohio ("NDOH court") for one

count of Possession with Intent to Distribute Cocaine.   In his

_____

     [1]"Pro se" describes a person who represents himself in a court
proceeding without the assistance of a lawyer.  Black's Law
Dictionary 1341 (9th ed. 1999).

current petition, the petitioner asserts that after he was sentenced he completed the BOP's 500-hour Residential Drug Abuse Program ("RDAP") and that he was therefore eligible for a 12-month sentence reduction and 6-month half-way house designation. However, the BOP denied such a reduction after considering the petitioner's prior convictions for attempted arson, attempted aggravated arson, and armed robbery pursuant to 28 CFR §§ 550.55(b)(5); (b)(4)(iii).

After the current petition was filed, the respondent filed a motion to dismiss or for summary judgment and the petitioner filed a response to that motion. In his response, the petitioner concedes that he has not exhausted his administrative remedies pursuant to the Prisoner Litigation Reform Act ("PLRA"). The petitioner then filed (1) a motion to expedite and (2) a motion in concern of untimely response to summary judgment supported with motion to expedite due to effect on lost time in sentence reduction.

Thereafter, Magistrate Judge Seibert issued his report and recommendation in this case recommending that this Court deny the plaintiff's § 2241 petition and dismiss this action with prejudice, grant the respondent's motion for summary judgment, and deny the petitioner's motion to expedite. The magistrate judge informed the parties that if they objected to any portion of the report and recommendation, they were required to file written objections

within 14 days after being served with copies of the report. Neither party filed objections.

## II. Discussion

As there were no objections filed to the magistrate judge's recommendation, the findings and recommendation will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

In his report, the magistrate judge first found that the respondent's motion should be considered as a motion for summary judgment rather than a motion to dismiss because it was accompanied by affidavits, exhibits, and other documents. The magistrate judge then excused the exhaustion requirement pursuant to the PLRA given the progress that had already occurred in this action–the filing of the petition, the filing of a dispositive motion by the respondent, and the full briefing of that motion. Finding such requirement excused, the magistrate judge then found that based on the petitioner's prior convictions he was ineligible for early release and that a reduction of his sentence was not guaranteed although the petitioner was accepted into the RDAP program.

This Court finds that the magistrate judge's findings should be adopted as the BOP has broad discretion to make sentencing calculations and deny early release through RDAP. See 18 U.S.C. 3621(e)(2)(B); Pelissero v. Thompson, 170 F.3d 442, 444 (4th Cir. 1999)("While eligibility for early release under § 3621(e)(2)(B) is open to all prisoners who meet the statutory requirements, the

statute expressly vests the Bureau of Prisons with broad discretion to grant or deny sentence reductions to eligible prisoners."). The magistrate judge's recommendations are thus not clearly erroneous or contrary to law as there are no genuine issues of material fact as to the BOP's denial of the petitioner's sentence reduction.

## III.  Conclusion

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the report and recommendation of the magistrate judge (ECF No. 23) is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, the petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1) is DENIED.  Additionally, the respondent's motion to dismiss or for summary judgment (ECF No. 16) is GRANTED and the petitioner's motion to expedite (ECF No. 3) and motion in concern of untimely response to his summary judgment supported with motion to expedite due to effect on lost time in sentence reduction (ECF No. 21) are DENIED AS MOOT.

It is further ORDERED that this case be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Finally, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights.  Because the petitioner has failed to object, he has waived his right to seek appellate review of this

matter.  See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the pro se petitioner by certified mail and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED:    June 9, 2014


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE